### Chas. McCorry v. C. L. Holden, Assignee, etc.

1.  CONTRACTS—*Construction of—Failure of Consideration.*—The following contract—" We, the undersigned, promise to pay the amounts set opposite our respective names in three, six and nine months, in equal payments, as an inducement to the St. Charles Evaporating Cream Com-

pany to rebuild and operate the condensing factory at St. Charles and in operation "—is complied with by the operation of the factory for even a limited time, if the operation be for as long a time as possible; and if through misfortune the factory cease to operate after being started and run, there is no failure of consideration.

2. CONTRACTS--*Construction of.*—A contract should be construed according to its natural and obvious meaning without adding anything thereto by way of construction.

**Transcript**, from a justice of the peace. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

ALSCHULER & MURPHY, attorneys for appellant.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an action brought before a justice of the peace to recover from the appellant an alleged balance due the St. Charles Evaporated Cream Company, on a subscription, the following of which is a copy signed by the appellant:

" ST. CHARLES, September, 1893.

We, the undersigned, promise to pay the amounts set opposite our respective names, in three, six and nine months in equal payments, as an inducement to the St. Charles Evaporating Cream Company to rebuild and operate the condensing factory at St. Charles, and in operation."

There was recovery before the justice of the peace and an appeal taken by the appellant to the Circuit Court where, on a trial before a jury, appellee recovered a verdict for the same amount and judgment was rendered thereon.

The facts in the case outside of the subscription are that some time in the month of September, 1893, the Evaporated Cream Company at St. Charles was destroyed by fire. The officers of the corporation were in doubt about building the factory, and in order to induce them to rebuild, citizens came forward and voluntarily contributed by subscription toward its rebuilding.

It was rebuilt during the fall of that year and its operations commenced in the month of December that same year.

It continued in operation until July 25, 1894, when the plant and property of the company was levied upon by executions issued on judgments then obtained against the company, and the factory was temporarily closed; and when the sheriff took possession of the same, and shortly thereafter, the assignee, who is appellee herein, was appointed.

The company has no business existence now except through the assignee who was operating the same.

The appellant paid one-third of his subscription March 2, 1894, and one-third about three months thereafter, but has paid nothing since the sheriff took possession of the property, and the remaining one-third is the subject of this suit.

While the evidence shows that the heading " St. Charles, September, 1893," was not on the subscription at the time it was signed by appellant, yet it further shows that it was signed by him during that month and year.

The principal question involved in this case is as to the construction to be given to the subscription paper above set out.

Appellant, through his counsel, insists that the obligation imposed upon the St. Charles Evaporated Cream Company to maintain the operation of the factory at that place is a condition precedent to the payment of the subscription and every part thereof, and that if at any time while any sum remained unpaid upon the subscription the company ceased to operate the factory, there would be a failure of consideration, and that no action could be maintained for any sum remaining unpaid on the subscription, or, in the words of counsel for appellant, to " remain in operation, at least for a time decently sufficient to collect the subscription."

We do not think this is a proper construction to place upon the contract. The payments fixed by this subscription paper were fixed three, six and nine months from the date of the subscription without reference to whether the creamery was rebuilt at the time the different payments respectively came due or not.

If the building had not been completed within the nine months, but was in process of construction, the different installments would have been due just the same and could have been collected by suit, but probably if the payment had been delayed and the execution of the building entirely abandoned appellant might, in a suit to recover on the subscription, have pleaded failure of consideration.

But if the building had been completed and operated even for a short time, there would have been no failure of consideration. The latter part of the contract of subscription is a little obscure, but as we interpret it, it means that the money was to be given as an inducement to the St. Charles Evaporated Cream Company to rebuild and put in operation and operate the factory.

There is no time fixed during which the factory should be operated, therefore we take it that an operation of the factory for even a limited time, would fulfill all the objects of the subscription, provided the factory was operated as long as it could be in good faith by the company, and if through misfortune the factory ceased to operate, after being started and run, there would be no failure of consideration.

The factory was run about twenty-five days after the last installment of the subscription became due by its terms, and then failed and passed into the hands of the assignee.

We are of the opinion that this was a sufficient length of time to fulfill the terms of the subscription.

This, we think, is a fair interpretation of the contract as contemplated by the appellant, inasmuch as he fixed no limit to the time during which the factory should have been operated.

A contract should be construed according to its natural and obvious meaning without imagining or adding anything thereto by way of construction.

Thus holding, we think the verdict of the jury was entirely justified and in accordance with the contract.

The court below, then, committed no error in rendering the judgment or in overruling the motion for a new trial.

The judgment of the court below is therefore affirmed.